Argued June 23, affirmed July 27, petition for review
denied September 19, 1972

STATE OF OREGON, *Respondent, v.*
LAWRENCE GILLEN (No. C-71-11-3731),
*Appellant.*

499 P2d 345

*Stephen S. Walker,* Portland, argued the cause and filed the brief for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C.J.

Defendant was convicted of driving while under the influence of intoxicating liquor. ORS 483.992(2). He was cited in the city of Portland by a Portland police officer by means of an "Oregon Uniform Traffic Complaint and Summons." On this form a police officer may either check a small box denoting "local ordinance in such case made & provided," or a small box denoting that a person is charged under a "state statute." In this case the officer checked the latter box. While the statute and the ordinance are parallel in their definitions of what constitutes the crime, the statute provides a maximum penalty of one year or a fine of not more than $1000, or both, and the ordinance provides maximums of six months and of $500. On appeal defendant contends he was denied his Equal Protection rights under the Fourteenth Amendment to the United States Constitution.

The defendant does not contend that it is a violation of constitutional or statutory law for the state and municipalities to have parallel criminal codes, nor does he contend that the statute under which he was tried and convicted is in any way defective. His only point is that the arresting officer had the power to *arbitrarily* determine whether the defendant should be charged under the statute or the ordinance, and that this *arbitrary* power vested in the police is a violation of the Equal Protection Clause. We do not reach the question.

The record before us does not contain a transcript of testimony or any stipulation of fact. We do not know whether the city of Portland has adopted standards[1] for the determination of whether to charge an individual under the statute or the ordinance.

Affirmed.

---

[1] We note from the citation that the defendant was not a resident of Portland.